**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Salvatore Scianna, | No. CV-18-00830-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Salvatore Scianna challenges the Social Security Administration's (SSA) finding that he is no longer entitled to Disability Insurance Benefits under the Social Security Act (the Act). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that decision, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 16, Def. Br.), and Plaintiff's Reply (Doc. 19, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 15–35).

**I.  BACKGROUND**

SSA previously determined Plaintiff to be disabled beginning on September 14, 2010. (R. at 18.) The most recent medical determination that Plaintiff was disabled is from October 11, 2011. (R. at 19.) However, in a subsequent decision, SSA determined Plaintiff was no longer be disabled as of November 30, 2014. (R. at 18.) This determination was

upheld upon reconsideration, and Plaintiff subsequently challenged it at a hearing before an ALJ. (R. at 18.) On January 20, 2017, the ALJ confirmed that Plaintiff's disability ended on November 30, 2014. (R. at 18.) The ALJ made that determination by comparing Plaintiff's October 11, 2011 Residual Functional Capacity (RFC) with his RFC since November 30, 2014. (R. at 19–20.)

The Court has reviewed the medical evidence in its entirety. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability after November 30, 2014 based on the following severe impairments: (1) status post femur fracture, (2) tibial plateau fracture, (3) tibial shaft fracture, (4) comminuted fracture of the calcaneous and avulsion of the gastrocnemius, (5) degenerative disc disease, (6) hypertension, and (7) chronic pain syndrome. (R. at 22.)

Ultimately, the ALJ concluded that Plaintiff was not disabled as of November 30, 2014. (R. at 30.) Specifically, the ALJ found that by November 30, 2014, Plaintiff experienced medical improvement in the severity of his symptoms and his impairments no longer met any of the per se disability medical listings that he previously met. (R. at 21.) Additionally, the ALJ found that Plaintiff has the RFC "to perform light work . . . except [he] can lift or carry ten (10) pounds frequently and twenty (20) pounds occasionally, he can stand and walk for two (2) hours and sit for about six (6) hours in a normal 8-hour workday. He can frequently balance and stoop, but occasionally climb ramps and stairs, occasionally kneel, crouch, but never climb ladders, ropes, and scaffolds and never crawl. In addition, he can have no exposure to hazards such as moving machinery and unprotected heights." (R. at 22.) Although Plaintiff cannot perform his past relevant work, the ALJ found he can perform a significant number of jobs that exist in the national economy. (R. at 29.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). At the fifth and final step, the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

If a person is disabled, his disability benefits can end if substantial evidence demonstrates that his impairments have medically improved such that he can engage in substantial gainful activity. *See* 42 U.S.C. § 423(f). To determine whether there is medical

improvement an ALJ must compare the claimant's RFC when he was last disabled to his current RFC. 20 C.F.R. § 404.1594(b)(7).

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration. First, he argues that the ALJ erred by rejecting the opinions of examining physician Dr. Ralph Purcell and erroneously crediting the opinions of Dr. Angel Gomez and Dr. Martha Goodrich. (Pl. Br. at 1.) Second, he argues that the ALJ erred by rejecting his testimony regarding the severity of his symptoms. (Pl. Br. at 1.) The Court disagrees with both arguments.

### A. The ALJ gave specific and legitimate reasons supported by substantial evidence for rejecting Dr. Purcell's opinions.

Dr. Purcell twice examined Plaintiff, first on September 1, 2015, and next on July 6, 2016. (R. at 25.) Dr. Purcell also completed an RFC evaluation form on Plaintiff's behalf on August 15, 2015. (R. at 445.) In each of these assessments, Dr. Purcell opined to various functional limitations stemming from Plaintiff's physical impairments. Specifically, he noted numerous issues with Plaintiff's right leg, including pain, loss of sensitivity, reduced range of motion, antalgic limp, leg-length discrepancy, and loss of the right heel. (R. at 296–97.) He also noted Plaintiff's back issues, including disc protrusion along the vertebrae and stenosis. (R. at 297.) Because of Plaintiff's symptoms Dr. Purcell found that Plaintiff is totally and permanently disabled and precluded from work that requires sitting or standing. (R. at 297, 487.)

The ALJ rejected Dr. Purcell's opinions for two reasons.[1] First the ALJ pointed to the lack of a treatment relationship between Plaintiff and Dr. Purcell. (R. at 26.) Second, the ALJ analyzed the available medical evidence and concluded, though with unideal clarity, that Dr. Purcell's opinions were inconsistent with that evidence. (R. at 25–26.) Though the ALJ did not explicitly state the second reason, the Court can infer this rationale from the ALJ's opinion based on the proximity and relatedness of the discussions of the

---

[1] The ALJ also correctly rejected Dr. Purcell's conclusion that Plaintiff is totally disabled because that determination is reserved to the ALJ. 20 C.F.R. § 404.1527(d).

- 4 -

medical evidence and Dr. Purcell's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

Plaintiff offers several reasons that the ALJ's rejection of Dr. Purcell's opinion, and the crediting of the opinions of Dr. Martha Goodrich and Dr. Angel Gomez, was error. First, he argues that the opinions of Dr. Goodrich and Dr. Gomez did not rely on enough background medical information in reaching their conclusions. (Pl. Br. at 14.) Similarly, he argues that their opinions were made at a time when the record was incomplete. Thus, he argues their opinions are based on incomplete information and are therefore inadequate. (Pl. Br. at 15.) He also argues that the ALJ failed to take into consideration Dr. Purcell's specialty as an orthopedic surgeon. (Pl. Br. at 16.) Finally, he challenges the ALJ's rationale that Dr. Purcell did not have a treating relationship with Plaintiff. (Pl. Br. at 17.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An examining physician's opinion is generally entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. *Id*. Even if the opinion of an examining physician is contradicted by the opinion of another doctor, the examining physician's opinion can only be rejected for specific and legitimate reasons supported by substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The ALJ offered specific and legitimate reasons supported by substantial evidence to reject Dr. Purcell's opinions. The ALJ could consider the lack of treatment history between Dr. Purcell and Plaintiff in discounting Dr. Purcell's opinions since length of treatment is a relevant consideration for weighing medical opinions. 20 C.F.R. §§ 404.1527(c)(2)–404.1527(c)(6). The ALJ could also appropriately consider whether the medical evidence

supports Dr. Purcell's opinions since consistency with the record is a relevant consideration. *Id*. Furthermore, the ALJ's reasons are supported by substantial evidence because they find significant support in the record.

Plaintiff's challenges primarily advocate a reweighing of the ALJ's consideration of the evidence, which this Court cannot do. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Plaintiff's contentions that Dr. Gomez and Dr. Goodrich did not consider enough medical evidence are unpersuasive. The ALJ is responsible for holistically considering each medical opinion and determining the weight to give to each. 20 C.F.R. §§ 404.1527(c)(2)–404.1527(c)(6). Here, the ALJ reviewed all the evidence and appropriately concluded that the opinions of Dr. Gomez and Dr. Goodrich were adequately founded on reliable medical evidence.

The ALJ also appropriately concluded that the opinions of Dr. Gomez and Dr. Goodrich were more consistent with the medical evidence than Dr. Purcell's opinions. For example, during a consultative examination, Dr. Gomez found that Plaintiff reported issues only in his lower right leg and reported no issues with sitting. (R. at 24, 264, 267.) Despite these issues, Plaintiff had normal exam findings in the other areas of his body. (R. at 24.) Dr. Purcell found no spinal issues in September 2015 and no instability in either knee or ankle, though there was mild pain with downward pressure on Plaintiff's right knee. (R. at 25.) Ultimately, there is limited treatment or diagnostic evidence, and substantial evidence supports the ALJ's conclusion that Dr. Purcell's opinions are inconsistent with the medical evidence. (R. at 25.)

Finally, it was not error for the ALJ to consider the lack of a treatment relationship between Plaintiff and Dr. Purcell. Even Dr. Purcell remarked that Plaintiff presented for a follow-up only "after a long hiatus." (R. at 485.) The ALJ could consider the length of the treatment relationship and Dr. Purcell's specialty in orthopedics in evaluating Dr. Purcell's opinion, and still give that opinion little weight without committing error. Notably, Plaintiff does not challenge the ALJ's treatment of his actual treating physician's opinion.

In sum, the ALJ gave specific and legitimate reasons for rejecting Dr. Purcell's opinion and those reasons are supported by substantial evidence. Consequently, the ALJ did not err in rejecting his opinions.

### B. The ALJ gave specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

Plaintiff testified to various walking and sitting limitations because of his right leg impairments. (R. at 53.) According to his testimony, his days consist largely of rest, occasional helping with chores, and some exercise and walking. (R. at 54.)

The ALJ gave several reasons for rejecting Plaintiff's testimony, but only two are valid. They are: (1) Plaintiff's daily activities are inconsistent with his alleged limitations, and (2) the objective medical evidence does not fully substantiate his limitations. The plainly invalid reasons the ALJ gave are: (1) Plaintiff's daily activities cannot be objectively verified, and (2) his alleged limitations may not be completely caused by his physical impairments. The Court rejects these reasons because the ALJ has a duty to provide specific reasons for rejecting testimony rather than speculate without proof that a claimant's activities are not limited or are not limited because of his impairments.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015.

An ALJ may consider a variety of factors in evaluating symptom testimony including, "[the claimant's] reputation for truthfulness, inconsistencies either in his

testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin., Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may also consider that the medical record lacks evidence to support certain symptom testimony but cannot reject a claimant's testimony for that reason alone. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). Additionally, if the ALJ rejects a Plaintiff's symptom testimony for a single permissible purpose, then the ALJ's errant rejection of the testimony for other additional reasons is harmless. *See Carmickle*, 533 F.3d at 1162.

The ALJ's reasons for rejecting Plaintiff's testimony—that it was contradicted by his daily activities and the medical evidence—comprise a specific, clear, and convincing reason supported by substantial evidence. The ALJ noted that Plaintiff has maintained the ability to perform many daily activities that are inconsistent with total disability. These activities include driving, walking three days per week for exercise, and daily swimming. (R. at 26, 54, 284.) The ALJ correctly determined that these activities are inconsistent with Plaintiff's alleged total disability. Furthermore, the ALJ correctly determined that Plaintiff's alleged total disability was inconsistent with the medical evidence. Despite his persistent issues with his right leg, the medical evidence does not indicate that his limitations are totally disabling. (R. at 25.) Furthermore, Plaintiff testified that, despite his limitations, he could still sit 30 to 40 minutes at a time and stand for one hour before he needs to sit down, which is in line with the ALJ's RFC calculation. (R. at 53.) Though the ALJ could not reject Plaintiff's testimony solely because of the medical evidence, the testimony's inconsistency with the medical evidence reinforces the ALJ's other reason. Accordingly, the ALJ's analysis of Plaintiff's testimony, his daily activities, and the medical evidence is backed by substantial evidence and, consequently, the ALJ did not err.[2]

---

[2] The ALJ's other offered reasons were insufficient to reject Plaintiff's testimony. Nevertheless, those errors were harmless because the ALJ also gave sufficient reasons for rejecting Plaintiff's testimony. *See Carmickle*, 533 F.3d at 1162.

Because the ALJ's evaluation of the medical opinions and symptom testimony in Plaintiff's case is backed by substantial evidence, the ALJ did not commit reversable error.

**IT IS THEREFORE ORDERED** affirming the January 20, 2017 decision of the Administrative Law Judge (R. at 15–35), as upheld by the Appeals Council on January 17, 2018 (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 13th day of March, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge